# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN IBN-DON MUMIT TURNER, | Civil Action No. 17-0541 (PGS) (TJB) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| STEVEN JOHNSON, et al., | |
| Defendants. | |

| | |
|---|---|
| JUAN IBN-DON MUMIT TURNER, | Civil Action No. 17-3189 (PGS) (LHG) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| MELONIE BURAK, et al., | |
| Defendants. | |

Plaintiff files the instant actions pursuant to 42 U.S.C. § 1983, asserting that various defendants violated his constitutional rights. Presently before the Court are Plaintiff's motions to consolidate in both matters, asserting that the cases are appropriate for consolidation because they assert the same legal claims, namely denial of access to the courts claims. Case No. 17-0541, ECF No. 22; Case No. 17-3189, ECF No. 26. Defendants in both cases do not oppose the motions. For the reasons stated below, the motions are denied.

I. BACKGROUND

In *Turner v. Johnson*, Plaintiff asserts that defendants violated his constitutional right to access the courts when they deliberately withheld delivery of a district court's order denying his federal habeas petition until after his time to appeal had expired, thereby depriving him of the

opportunity to appeal the habeas denial. In *Turner v. Burak*, Plaintiff asserts that defendants impermissibly confiscated three affidavits supporting his motion for a new trial in state court, after he had presented the affidavits for copying to the law library staff, on the account of an investigation by the prison into how he was able to obtain the affidavits while in prison. Due to the confiscation, Plaintiff alleges that he was prevented from filing a timely motion for a new trial based on these affidavits. Reviewing the factual allegations, the two incidents do not appear to be related to each other, other than the fact that they both involve denial of access to the courts claims. Furthermore, the two actions do not involve common defendants.

## II. DISCUSSION

Federal Rule of Civil Procedure 42(a) governs motions for consolidation. Rule 42(a) states that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Although not directly applicable, courts have found a motion to consolidate cases involving different defendants analogous to a request for joinder of parties under Rule 20. *See Garza v. Phillips 66 Co.*, No. 13-0742, 2016 WL 1171004, at *4 n.8 (M.D. La. Mar. 4, 2016); *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 626 (D. Md. 2014). Rule 20 permits joinder of defendants only when "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and* (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). Rule 20 "is not a license to join unrelated claims and defendants in one lawsuit." *Paladino v. Newsome*, No. 12–2021, 2012 WL 3315571, at *5 (D.N.J.

(D.N.J. Aug. 13, 2012) (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007) (per curiam)). No claims addressing unrelated events, be these claims jammed into a single set of pleadings or spread among multiple complaints submitted for filing in the same matter, could satisfy the requirements of Rule 20. *Marrakush Soc'y v. N.J. State Police*, No. 09-2518, 2009 WL 2366132, at *27 (D.N.J. July 30, 2009).

Here, as the Court found above, Plaintiff's claims in the two cases arose out of distinctly separate incidents. Moreover, there is not even one defendant common to both cases. Had these claims been asserted in a single action, the Court would have found the parties impermissibly joined under Rule 20. Although the cases share a common question of law, that is all they share; judicial economy would hardly be realized since discovery in the two cases have to be conducted separately out of necessity, and this Court would never allow trials to be consolidated, as the finding of liability by the jury in one case may unduly influence the question of liability in the other case. *See Grodjeski v. Plainsboro Twp.*, 577 F. Supp. 67, 72 (D.N.J. 1983). Accordingly, the motions to consolidate are denied.

IT IS therefore on this __29__ day of __November__, 2017,

**ORDERED** that Plaintiff's motions for consolidation, Case No. 17-0541, ECF No. 22 & Case No. 17-3189, ECF No. 26, are hereby **DENIED**; and it is further

**ORDERED** that the Clerk shall serve this Order upon Plaintiff by regular mail.

_____
Peter G. Sheridan, U.S.D.J.