# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN IBN-DON MUMIT TURNER, | |
| Plaintiff, | Civ. No. 17-3189 (PGS-TJB) |
| v. | |
| MELONIE BURAK, et al., | OPINION |
| Defendants. | |

**PETER G. SHERIDAN, U.S.D.J.**

## I. INTRODUCTION

This matter comes before the Court on Defendants Melonie Burak, Officer David Sisnetsky, and Special Investigation Division ("SID") Officer Matthew Schlusselfeld's motion to dismiss Plaintiff Juan Ibn-Don Mumit Turner's complaint. (ECF No. 34). For the following reasons, the motion is granted. The complaint will be dismissed without prejudice to Plaintiff's ability to file an amended complaint seeking injunctive relief within 45 days of this Opinion and Order.

## II. BACKGROUND

Petitioner is currently incarcerated in New Jersey State Prison ("NJSP") Trenton, New Jersey. On May 5, 2017, he filed a complaint alleging defendants violated his First Amendment right of access to the courts by reading and confiscating his legal mail, specifically three affidavits in support of a motion for a new trial.

According to the Complaint, Plaintiff sent an inmate paralegal to the NJSP law library to make copies of Plaintiff's motion for a new trial and supporting documents on January 18, 2017. Compl. ¶ 6. Plaintiff states that Ms. Burak read his brief and gave it to Officer Sisnetsky, who

gave it to SID Officer Schlusselfeld. *Id.*; *see also* Compl. Exhibit 2a. Officer Schlusselfeld came to Plaintiff's cell on January 19 and began asking Plaintiff questions about the appendix, such as how he obtained the affidavits from other inmates. Compl. ¶ 6. Officer Sisnetsky later sent Plaintiff a confiscation notice for three affidavits in support of Plaintiff's motion as being "suspected [security threat group] material." Compl. Exhibit 3a. Plaintiff filed grievances, but did not receive any relief.

Plaintiff argues the affidavits were the "focal point in [his] motion for a new trial based on newly discovered evidence." *Id.* ¶ 6. He states that Officer Schlusselfeld admitted to him that the Essex County Prosecutor's Office was involved with seizing the material. Compl. ¶ 7; Exhibit 1a. He asserts his brief is "no longer useful to [his] defense because it has been obtained by [his] adversary before [he] got the chance to file it." Compl. ¶ 7. He asked for punitive damages and compensatory damages in order to hire a private investigator to obtain new affidavits. *Id.* ¶ 7.

Defendants filed the instant motion to dismiss on December 15, 2017. Plaintiff filed opposition to this motion. ECF No. 35. He included a proposed amended complaint purporting to address the deficiencies alleged by defendants, as well as adding new defendants. The Court conducted oral argument on January 24, 2018, at which time Plaintiff appeared by telephone.

### III. LEGAL STANDARDS

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." *Id.* at 790.

## IV. DISCUSSION

Defendants argue Plaintiff has failed to sufficiently allege an access to the courts claim.[1] Access to the courts claims fall into two general categories. "In the first are claims that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). "In cases of this sort, the essence of the access claim is that official action is presently denying an opportunity to litigate for a class of potential plaintiffs. The opportunity has not been lost for all time, however, but only in the short term; the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed." *Ibid. See also Estate of Smith v. Marasco*, 318 F.3d 497, 511 (3d Cir. 2003)

---

[1] Defendants also moved to dismiss the official capacity claims on the basis of sovereign immunity. Plaintiff concedes this point and does not oppose dismissal of the official capacity claims with prejudice.

3

("[P]refiling conduct that either prevents a plaintiff from filing suit or renders the plaintiff's access to the court ineffective or meaningless constitutes a constitutional violation."). A plaintiff must be able to plead that "a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 353 (1996).

"The second category covers claims not in aid of a class of suits yet to be litigated, but of specific cases that cannot now be tried (or tried with all material evidence), no matter what official action may be in the future. The official acts claimed to have denied access may allegedly have caused the loss or inadequate settlement of a meritorious case." *Christopher*, 536 U.S. at 413–14. "The ultimate object of these sorts of access claims, then, is not the judgment in a further lawsuit, but simply the judgment in the access claim itself, in providing relief obtainable in no other suit in the future." *Id.* at 414.

The relevant injury in a both kinds of access to the courts claims is the loss of a nonfrivolous claim regarding Plaintiff's criminal conviction or the conditions of his confinement, not mental or emotional injuries. *Christopher*, 536 U.S. at 415; *Lewis*, 518 U.S. at 355; *Monroe v. Superintendent Coal Twp. SCI*, 597 F. App'x 109, 112-13 (3d Cir. 2015). "Furthermore, a prisoner must demonstrate that no other remedy will potentially compensate for the lost claim." *Henry v. Moore*, 500 F. App'x 115, 117 (3d Cir. 2012) (per curiam) "The complaint must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (quoting *Christopher*, 536 U.S. at 416-17).

Here, Plaintiff alleges he lost the ability to file a motion for a new trial due to the seizure of the affidavits.[2] At oral argument, Plaintiff argued the affidavits "expired" due to them being

---

[2] Plaintiff expands on the substance of his access to the court claim in his opposition papers. He states the affidavits were from Jihad Bassit and two state witnesses, Jihad Glover and Jazaar

4

more than a year old and can no longer be used because they were disclosed to the Essex County Prosecutor's Office after they were confiscated by SID. This fails to sufficiently allege an access to the courts claim based on a "lost" claim, as opposed to an access to the courts claim based on a claim presently being impeded by defendants. Plaintiff's requested remedy, damages so that he may hire an investigator to obtain new affidavits, implies that his ability to file a motion for a new trial in the New Jersey Superior Court is not irretrievably lost.

New Jersey law permits a motion for a new trial based on newly discovered evidence to be filed "at any time." N.J. Ct. R. 3:20-2. Likewise, a second or subsequent post-conviction relief petition may be filed when "the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted," if it is otherwise timely under the court rules. N.J. Ct. R. 3:22-4(b)(2)(B).[3] There is no support for Plaintiff's speculative arguments that the affidavits expired after they were confiscated by defendants. This is not an instance in which Plaintiff has already presented the affidavits to the state court and had them rejected as stale. The original complaint is therefore subject to dismissal for failure to state a claim as nothing in the complaint suggests Plaintiff is seeking the return of his legal materials.

---

Redding. ECF No. 35 ¶ 6. Plaintiff states the witnesses recanted their trial testimony that Plaintiff was a member of the Crips gang. *Id.* He states Glover's affidavit stated that Plaintiff "was *not* the person who shot Dickens Baptiste on the night he was killed. In this same affidavit, Glover also named the real shooter as well as the reason(s) why him [sic] and the other two witnesses for the state (Jazzar Redding and & Eugene Woodson) testified falsely against the plaintiff." *Id.* ¶ 7 (emphasis in original). "According to this recanting affidavit from Glover, [Assistant Essex County Prosecutor] Zuckerman told him that they would all go down for the murder if they didn't testify to why they said in their original statements." *Id.*
[3] The Court expresses no opinion as to the timeliness of Petitioner's motion.

Plaintiff submitted a proposed amended complaint with his opposition papers. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). "[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, Plaintiff submitted his amended complaint 18 days after the motion was filed, within the time limit for amendment as a matter of right. The Court must still screen the complaint pursuant to 28 U.S.C. § 1915.

Plaintiff's amended complaint clarifies that he was alleged to be a member of the Rollin Sixties Crip gang. Amended Complaint, ECF No. 35-1 ¶ 27. Plaintiff asserts one of the seized affidavits was from Jihad Bassit, a known Crips member, who attested that Plaintiff "'is not now and has never been a member of his set.'" *Id.* ¶ 29. Plaintiff also seeks to add a retaliation claim. Plaintiff states he was transferred at his request to East Jersey State Prison after the filing of this lawsuit in order to avoid defendants. *Id.* ¶ 32. Upon his arrival, Schlusselfeld was working there along with newly added defendant Crothers. *Id.* ¶ 33. Plaintiff was called to the pass office for legal mail, but when he arrived two officers were waiting for him to "introduce themselves." *Id.* ¶ 34. Two weeks later Plaintiff was thrown in lock-up and transferred back to NJSP. *Id.* ¶ 35. He states legal material was missing from his property after the transfer, and he received disciplinary charges for participating in gang activity. *Id.* ¶¶ 37-38.

Plaintiff again fails to state an access to the courts claim because he fails to sufficiently allege that he has completely lost his ability to file his motion for a new trial. Moreover, his

Plaintiff submitted a proposed amended complaint with his opposition papers. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). "[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, Plaintiff submitted his amended complaint 18 days after the motion was filed, within the time limit for amendment as a matter of right. The Court must still screen the complaint pursuant to 28 U.S.C. § 1915.

Plaintiff's amended complaint clarifies that he was alleged to be a member of the Rollin Sixties Crip gang. Amended Complaint, ECF No. 35-1 ¶ 27. Plaintiff asserts one of the seized affidavits was from Jihad Bassit, a known Crips member, who attested that Plaintiff "'is not now and has never been a member of his set.'" *Id.* ¶ 29. Plaintiff also seeks to add a retaliation claim. Plaintiff states he was transferred at his request to East Jersey State Prison after the filing of this lawsuit in order to avoid defendants. *Id.* ¶ 32. Upon his arrival, Schlusselfeld was working there along with newly added defendant Crothers. *Id.* ¶ 33. Plaintiff was called to the pass office for legal mail, but when he arrived two officers were waiting for him to "introduce themselves." *Id.* ¶ 34. Two weeks later Plaintiff was thrown in lock-up and transferred back to NJSP. *Id.* ¶ 35. He states legal material was missing from his property after the transfer, and he received disciplinary charges for participating in gang activity. *Id.* ¶¶ 37-38.

Plaintiff again fails to state an access to the courts claim because he fails to sufficiently allege that he has completely lost his ability to file his motion for a new trial. Moreover, his

Plaintiff submitted a proposed amended complaint with his opposition papers. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course twenty-one (21) days after serving the pleading or twenty-one (21) days "after a responsive pleading or service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(A)-(B). "[I]f a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Here, Plaintiff submitted his amended complaint 18 days after the motion was filed, within the time limit for amendment as a matter of right. The Court must still screen the complaint pursuant to 28 U.S.C. § 1915.

Plaintiff's amended complaint clarifies that he was alleged to be a member of the Rollin Sixties Crip gang. Amended Complaint, ECF No. 35-1 ¶ 27. Plaintiff asserts one of the seized affidavits was from Jihad Bassit, a known Crips member, who attested that Plaintiff "'is not now and has never been a member of his set.'" *Id.* ¶ 29. Plaintiff also seeks to add a retaliation claim. Plaintiff states he was transferred at his request to East Jersey State Prison after the filing of this lawsuit in order to avoid defendants. *Id.* ¶ 32. Upon his arrival, Schlusselfeld was working there along with newly added defendant Crothers. *Id.* ¶ 33. Plaintiff was called to the pass office for legal mail, but when he arrived two officers were waiting for him to "introduce themselves." *Id.* ¶ 34. Two weeks later Plaintiff was thrown in lock-up and transferred back to NJSP. *Id.* ¶ 35. He states legal material was missing from his property after the transfer, and he received disciplinary charges for participating in gang activity. *Id.* ¶¶ 37-38.

Plaintiff again fails to state an access to the courts claim because he fails to sufficiently allege that he has completely lost his ability to file his motion for a new trial. Moreover, his

request for damages is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that before a § 1983 plaintiff may "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" 512 U.S. at 486–87; *see also Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 346 (3d Cir. 2015) ("'[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element.'" (alteration in original) (quoting *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009))).

The Third Circuit barred monetary damages in an access to the courts case in light of *Heck*, stating that plaintiff could not "demonstrate that the loss of his [post-conviction relief] claim injured him unless he also demonstrate[d] that his [post-conviction relief] petition had merit, which necessarily would imply the invalidity of his murder conviction." *Coulston v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 142 (3d Cir. 2016) (per curiam), *cert. denied sub nom. Coulston v. Cameron*, 137 S. Ct. 2245 (2017). *See also Burd v. Sessler*, 702 F.3d 429, 434–35 (7th Cir. 2012) (holding that *Heck* barred the plaintiff's § 1983 access-to-courts claim seeking money damages for prison officials' interference with his ability to challenge his state court conviction). Because the proposed amended complaint only seeks monetary damages, the access to the courts claim would be barred by *Heck*.

Plaintiff's proposed amended complaint also fails to sufficiently allege retaliation. To allege a retaliation claim, Plaintiff must provide facts suggesting that "(1) he engaged in a constitutionally protected activity; (2) he suffered, at the hands of a state actor, adverse action

7

sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) the protected activity was a substantial or motivating factor in the state actor's decision to take adverse action." *Fantone v. Latini*, 780 F.3d 184, 191 (3d Cir. 2015), *as amended* (Mar. 24, 2015) (citing *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)). Here, Plaintiff has not sufficiently alleged a link between the constitutionally-protected activity, filing a lawsuit, and the disciplinary proceedings or loss of his property. "To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). There are several months between the filing of the lawsuit and the alleged retaliatory actions.

Because the original and proposed amended complaint are both subject to dismissal, the Court will grant the motion to dismiss.[4] However, Plaintiff may file an amended complaint seeking injunctive relief only. *See Hoard v. Reddy*, 175 F.3d 531, 533 (7th Cir. 1999) ("[I]f the defendants are illegally blocking his access to state postconviction remedies, he can obtain an injunction under 42 U.S.C. § 1983 to clear away the blockage." (citing *Edwards v. Balisok*, 520 U.S. 641, 648–49 (1997))).

---

[4] The Court declines to reach the qualified immunity question as it is granting the motion to dismiss.

## V. CONCLUSION

For the reasons stated above, the motion to dismiss is granted. Plaintiff may file an amended complaint seeking injunctive relief only within 45 days of this Opinion and Order.

An appropriate order follows.

DATED: 2/15, 2018

PETER G. SHERIDAN
United States District Judge