**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JUAN IBN-DON MUMIT TURNER, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 17-3189 (PGS) (TJB) |
| | : | |
| v. | : | |
| | : | |
| MELANIE BURAK, et al. | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**PETER G. SHERIDAN, U.S.D.J.**

    **I.**       **INTRODUCTION & PROCEDURAL BACKGROUND**

Plaintiff is a state prisoner proceeding *pro se* with a civil complaint. Plaintiff's original complaint alleged violations of his First Amendment right of access to courts when his legal mail was read and confiscated – most specifically affidavits. In February, 2018, this Court dismissed Plaintiff's complaint, but permitted him to file an amended complaint that sought injunctive relief only. (*See* ECF 41 & 42).

Subsequently, Plaintiff filed a motion to amend his complaint which this Court granted. (*See* ECF 52 & 55). Plaintiff's amended complaint only sought injunctive relief, namely the return of the affidavits that had been confiscated. (*See* ECF 56).

On April 9, 2019, this matter was settled with Defendants agreeing to return to Plaintiff three pages of affidavits. (*See* ECF 78 at 4, 8). Thereafter, this Court entered a sixty-day order administratively terminating this action to permit the parties to file all papers necessary to dismiss the action or seek to reopen this action if the settlement could not be consummated. (*See* ECF 75). The parties were also notified in this sixty-day administrative termination order that if

this Court did not receive papers necessary to dismiss the action or a motion to reopen within sixty days that the matter would be dismissed with prejudice. (*See id.*).

On June 6, 2019, Magistrate Judge Bongiovanni extended the sixty-day termination date for another sixty days. (*See* ECF 77). On August 23, 2019, the sixty-day termination date was extended again by another sixty days via text order by Magistrate Judge Bongiovanni. (*See* ECF 79).

In January, 2020, Plaintiff filed two motions to reopen. (*See* ECF 80 & 81). Plaintiff seeks to change the relief he is seeking in this case by now requesting punitive damages against the Defendants. Defendants filed a response in opposition to the motion to reopen as well as a cross-motion to dismiss. Considering these pending motions, the Clerk will be ordered to reopen this action so that the motions can be decided. For the following reasons, Plaintiff's motions to reopen are denied and Defendants' cross-motion to dismiss is granted.

## II.   DISCUSSION

As indicated in the April 9, 2019 transcript between the parties before Magistrate Judge Bongiovanni, this matter was settled at that time with Defendants agreeing to return the affidavits to Plaintiff. After the sixty-day termination date of this action was extended twice, it expired in October, 2019. Neither party ever sought to reopen this action nor though did any party submit papers to have this Court dismiss the action. Nevertheless, Local Civil Rule 41.1(b) states as follows:

> When a case has been settled, counsel shall promptly notify the Court. Upon such notification, the Court shall enter a 60-day order administratively terminating the case and any pending motions. Such an administrative termination shall not operate as a dismissal order. Within 60 days after entry of the administrative termination order, counsel shall file all papers necessary to dismiss the case pursuant to Fed. R. Civ. 41(a)(1)(A)(ii). This 60-day period may be extended by the Court for good cause. *Upon failure of counsel to*

> *file a proper stipulation of dismissal within the 60-day period, or within any extended period approved by the Court, the Court shall, pursuant to Fed. R. Civ. P. 41(a)(2), dismiss the action with prejudice and without costs.* Such an order of dismissal may, but need not, include any other terms the Court considers proper.

L. Civ. R. 41.1(b) (emphasis added). As the administrative termination window expired without receiving anything from Plaintiff to the contrary, dismissal of this case is the proper at this point.

Plaintiff's motions to reopen do not change that dismissal pursuant to the Local Rules is proper. As previously noted, Plaintiff seeks to reopen this case so he can seek punitive damages against the Defendants. First, Plaintiff's request to seek punitive damages would require amending the amended complaint. However, Plaintiff's motions to reopen do not comply with Local Civil Rule 15.1(a)(1), which require a plaintiff to include a copy of his amended pleading. Plaintiff failed to do so here.

Second, Plaintiff received the relief he sought in the operative pleading in this case, namely his amended complaint when the affidavits were returned to him. *See Grace Land II, LLC v. Bristol Twp.*, No. 18-5413, 2019 WL 4752026, at *4 (E.D. Pa. Sept. 30, 2019) (dismissing injunctive relief claims against defendants when plaintiff already received the injunctive relief sought) (citations omitted). Indeed, Defendants submitted certificates of service indicating that Plaintiff was provided with the affidavits. (*See* ECF 86-1; 86-2).

Finally, and most importantly, the issue of whether Plaintiff could seek monetary damages in this case was already decided by this Court. Indeed, Plaintiff was only permitted to proceed on an amended complaint that sought injunctive and not monetary relief. (*See* ECF 41 at 6-7). For these reasons, Plaintiff's motions to reopen to seek punitive damages in this case are denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motions to reopen are denied. Defendants' cross-motion to dismiss is granted and this action is dismissed with prejudice pursuant to Local Civil Rule 41.1(b). An appropriate order will be entered.


DATED:  July 10, 2020


<u>s/Peter G. Sheridan</u>
PETER G. SHERIDAN, U.S.D.J.